MORGAN, LEWIS & BOCKIUS LLP
Jennifer B. Zargarof, SBN 204382
jennifer.zargarof@morganlewis.com
300 South Grand Ave, 22nd Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Samuel S. Sadeghi, SBN 311785
sam.sadeghi@morganlewis.com
Hailey A. Phelan, SBN 353990
hailey.phelan@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel: +1.714.830.0600
Fax: +1.714.830.0700

Attorneys for Defendant
ODP BUSINESS SOURCING, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE NORGROVE, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VEYER, LLC, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>[28 U.S.C. §§ 1332, 1441, and 1446]<br><br>Complaint Filed: May 22, 2026<br>Complaint Served: July 21, 2026<br>FAC Filed: July 29, 2026<br>FAC Served: August 18, 2026 |

**TO THE CLERK OF THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant ODP Business Sourcing, LLC (formerly Veyer, LLC) ("Defendant"), by and through the undersigned counsel, timely removes the above-entitled action to this Court from the Superior Court of the State of California for the County of Alameda, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the following grounds.

## I. PROCEDURAL BACKGROUND

1. On May 22, 2026, Plaintiff Jesse Norgrove ("Plaintiff") filed an unverified putative class action for compensatory damages and penalties in the Superior Court of the State of California, County of Alameda, entitled *Jesse Norgrove, et al. v. Veyer, LLC*, Case No. 26CV189872.

2. On July 20, 2026, Plaintiff sent Defendant's counsel a Notice of Acknowledgement and Receipt, which attached the Complaint, Summons, Civil Case Cover Sheet, Notice of Case Management Conference, Minute Order: Complex Determination Hearing, and Order Regarding Complex Determination Hearing. A copy of the aforementioned documents attached to the Notice of Acknowledgment and Receipt, including the Complaint, is attached as **Exhibit 1**. Service was effected on July 21, 2026, when Defendant's counsel signed and returned the Notice of Acknowledgement and Receipt on behalf of Defendant. A copy of the Notice of Acknowledgement and Receipt for the Complaint is attached as **Exhibit 2**.

3. On July 29, 2026, Plaintiff filed a First Amended Complaint ("FAC"). On August 4, 2026, Plaintiff sent the FAC to Defendant's counsel via Notice of Acknowledgement and Receipt. Service was effected on August 18, 2026, when Defendant's counsel signed and returned the Notice of Acknowledgement and Receipt on behalf of Defendant. A copy of the Notice of Acknowledgement and Receipt for the FAC and the FAC are attached together as **Exhibit 3**.

4. On August 20, 2026, Defendant filed an Answer in the Alameda County Superior Court. A copy of Defendant's Answer is attached as **Exhibit 4**.

5. Exhibits 1 through 4 constitute all of the pleadings, process, and orders served upon, or by, Defendant in the Superior Court action.

6. In the FAC, Plaintiff asserts the following causes of action: (1) unpaid overtime wages; (2) unpaid meal period premiums; (3) unpaid rest period premiums; (4) unpaid minimum wages; (5) failure to provide paid sick leave; (6) final wages not timely paid; (7) wages not timely paid during employment; (8) non-compliant wage statements; (9) failure to keep requisite payroll records; (10) unreimbursed business expenses; (11) violation of California Business & Professions Code § 17200, et seq, and (12) violation of the Attorneys General Act of 2004, California Labor Code § 2698, et seq. *See generally* FAC.

7. Plaintiff seeks to represent a class of "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." FAC ¶ 13.

## II. <u>REMOVAL IS TIMELY</u>

8. Plaintiff served Defendant with the Complaint via Notice and Acknowledgement of Receipt on July 20, 2026. *See* Ex. A. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day removal period begins to run when defendant is formally served with a complaint). No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. <u>THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA</u>

9. Plaintiff brings this action as a putative class action. FAC ¶¶ 12-13. Removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is

proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (i) the amount placed in controversy by the FAC exceeds, in the aggregate, $5 million, exclusive of interest and costs; (ii) the aggregate number of putative class members is 100 or greater; and (iii) diversity of citizenship exists between one or more plaintiff and one or more defendants. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453. Defendant denies Plaintiff's factual allegations and denies that the Plaintiff, or the class he purports to represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the FAC and prayer for relief, all requirements for jurisdiction under CAFA have been met.[1] Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

**A. <u>Diversity of Citizenship Exists.</u>**

10. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *see also, e.g.*, *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co*., 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

11. An individual is a citizen of the state in which he is domiciled. *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

12. Evidence of continuing residence creates a presumption of domicile.

[1] Defendant does not concede and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Defendant does not concede that any of Plaintiff's allegations constitute a cause of action against it under applicable California law.

*Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise") (citing, *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986)).

13. Plaintiff admits at the time of filing his pending action against Defendant that "Plaintiff JESSE NORGROVE is an individual residing in the State of California." FAC ¶ 5. Plaintiff also states that he worked for Defendant in California from approximately September 2015 to approximately January 2026. FAC ¶ 25. Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

14. For CAFA diversity purposes, a corporation is deemed to be a citizen of the state where it is has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The Ninth Circuit has recognized that for CAFA removals, an unincorporated association, such as a limited partnership or a limited liability company (like Defendant), is treated just like a corporation for purposes of establishing diversity: "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) (recognizing that for CAFA removals, 28 U.S.C. Section 1332(d)(10) "abrogates the traditional rule that an unincorporated association [like an LLC] shares the citizenship of each of its members for diversity purposes"; instead, unincorporated associations can be treated the same as corporations with their citizenship based on the state where they are organized and have their principal place of business).

15. Defendant ODP Business Sourcing, LLC (formerly Veyer, LLC) is, and at all pertinent times was, incorporated and/or organized under the laws of the

State of Delaware. Declaration of Noël Leatherbury ("Leatherbury Decl."), ¶¶ 4-6, Exs. 1-2. ODP Business Sourcing, LLC is a limited liability company with its principal place of business, headquarters, and the location of its books and records is in Boca Raton, Florida. *Id.* ¶ 6. ODP Business Sourcing, LLC's executive and administrative functions (including, but not limited to, operations, finance, accounting, human resources, benefits and compensation, marketing, legal, and information systems) are based at the same location in Boca Raton, Florida. *Id.* As such, ODP Business Sourcing, LLC is a citizen of Delaware and Florida, and not California, for the purposes of determining diversity under CAFA.

16. Accordingly, based on the FAC, at least one member of the putative plaintiff class is a citizen of a state different from Defendant. Diversity jurisdiction therefore exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

17. Additionally, although Plaintiff has listed 100 fictitiously named "Doe" defendants, the citizenship of these "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded).

**B. The Putative Class Has More Than 100 Members.**

18. Plaintiff asserts claims on behalf of a putative class comprised of "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." Compl. ¶ 13; FAC ¶ 13. Based on Plaintiff's definition, the putative class contains approximately 797 non-exempt, hourly-paid, employees who worked for Defendant in California between May 22, 2022 to July 25, 2026 according to Defendant's employment records. Leatherbury Decl. ¶ 8.

### C. <u>The Amount In Controversy Exceeds $5 Million.</u>

19. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Where a plaintiff does not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5 million. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). However, the amount in controversy simply represents the potential amount at stake — it does not reflect actual liability. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). A defendant's burden to establish the amount in controversy is by a preponderance of the evidence. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). This exercise does not consider a plaintiff's likelihood of successful recovery. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). "An assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite . . . amount' . . . ." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 135 S. Ct. at 553. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554. "[T]he Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim" in assessing the amount in controversy. *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017).

20. To drive out any lingering "antiremoval presumption" in CAFA cases, the Ninth Circuit has "reaffirm[ed] three principles that apply in CAFA removal cases:"

> First, a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements. . . .
>
> Second, when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions . . . .
>
> Third, when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy.

*Arias*, 936 F.3d at 922 (internal citations and quotations omitted). "[I]n assessing the amount in controversy, a removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions.'" *Id*. at 925 (quoting *Ibarra v. Manheim Inv.s, Inc*., 775 F.3d 1193, 1199 (9th Cir. 2015)). Such assumptions must be reasonably grounded in the underlying allegations of the complaint. *Arias*, 936 F.3d at 925. "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. Rep. 109-14, at 42 (2005) (citation omitted).

21. The ultimate inquiry is what amount a complaint places "in controversy," not what a defendant may actually owe in damages. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy"); s*ee also Jauregui v. Roadrunner Transp. Servs., Inc.,* 28 F.4th 989, 993 (9th Cir. 2022) ("At that stage of the litigation, the defendant is being asked to use the plaintiff's complaint—much of which it presumably disagrees with—to estimate an amount in controversy. This is also at a stage of the litigation before any of the disputes over key facts have been resolved."). "The burden to establish the amount in controversy by a preponderance of the evidence, however, does not require the defendant to 'research, state, and prove the plaintiff's

claims for damages.'" *De Vega v. Baxter Healthcare Corp.*, 507 F. Supp. 3d 1214, 1217 (N.D. Cal. 2019); *see also LaCross*, 775 F.3d at 1203 (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra*, 775 F.3d at 1198 n.1 (in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy.").

22. Defendant denies Plaintiff's factual allegations and denies that Plaintiff, or the class he seeks to represent, is entitled to recovery. Defendant properly complied with the Labor Code provisions at issue at all relevant times. However, as detailed below, Defendant has established by a preponderance of the evidence that, as specifically pleaded, the amount in controversy exceeds $5 million and that the Court has jurisdiction pursuant to CAFA. 28 U.S.C. § 1332(d)(2). Plaintiff's allegations and prayer for relief have "more likely than not" put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[2]

**1. Plaintiff's First Cause of Action for Unpaid Overtime Wages Put Approximately $1,674,105.96 in Controversy.**

23. Plaintiff alleges in his FAC that "Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees," including by "failing to pay them for all regular and/or overtime wages earned."

[2] This Notice of Removal discusses the amount of damages placed at issue by Plaintiff's Complaint. Defendant's references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff or any putative class member. This removal assumes the truth of pleaded facts that Defendant denies are true. Defendant expressly denies that Plaintiff or any putative class member is entitled to recover any of the amounts or penalties sought in the Complaint. In addition, Defendant denies that liability or damages can be established either as to the Plaintiff or on a class-wide basis through common proof. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

FAC ¶ 32.

24. Plaintiff also alleges that "[d]uring the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day and/or forty (40) hours in a week" and that "Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other Class Members." *Id.* at ¶¶ 66-67.

25. As a result, Plaintiff alleges that he "and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees." *Id.* at ¶ 68.

26. Based on Plaintiff's allegations, it is plausible and reasonable to assume that Plaintiff seeks to recover at least thirty (30) minutes of overtime wages per workweek for all putative class members. *Kastler v. Oh My Green, Inc.,* No. 19-cv-02411- HSG, 2019 WL 5536198, at *4 (N.D. Cal. Oct. 25, 2019) (assuming one hour of unpaid minimum wages and unpaid overtime per week per class member "is a conservative estimate routinely endorsed by courts in evaluating CAFA's amount in controversy requirement when plaintiff fails to include specific allegations" and simply alleged a "pattern and practice" of failing to pay overtime and minimum wages).

27. As stated above, Defendant's review of its employment data shows that approximately 797 non-exempt, hourly paid, employees worked for Defendant in California between May 22, 2022 and July 25, 2026. Leatherbury Decl., ¶ 8. These employees worked approximately 96,296 workweeks. *Id.* According to Defendant's records, the average hourly rate for those employees was $23.18. *Id.* This results in an amount in controversy for the First Cause of Action (alleged unpaid overtime) of at least **$1,674,105.96** (0.5 hour x ($23.18 per hour x 1.5 overtime rate) x 96,296 workweeks).

**2. Plaintiff's Third Cause of Action for Meal Period Violations Puts Approximately $2,232,141.28 in Controversy.**

28. Plaintiff alleges in his FAC that "Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees," including by "failing to pay them for . . . missed meal periods and rest breaks in violation of California law." FAC ¶ 32.

29. Plaintiff also alleges that "[d]uring the relevant time period, Plaintiff and the other class members who were scheduled to work no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for more than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes." *Id.* at ¶ 74. Plaintiff further alleges that "[d]uring the relevant time period, Defendants willfully required Plaintiff and the other class members to work during meal periods and failed to compensate them the full meal period premium for work performed during meal periods." *Id.* at ¶ 76.

30. For damages, Plaintiff alleges that he "and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that a meal or rest period was not provided." *Id.* at ¶ 79.

31. Based on Plaintiff's allegations, Defendant could reasonably assume, but is not assuming, that the FAC alleges a 100% violation rate for meal period claims when calculating the amount placed in controversy as to this class claim. *See Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (upholding application of 100% violation rate (assuming a meal period violation for each and every workday) and explaining that "[i]t is not unreasonable to assume that when a company has unlawful policies and they are uniformly adopted and maintained, then the company may potentially violate the law in each and every situation where those policies are applied"); *Ford v. CEC Entm't, Inc.*,

2014 WL 3377990, at *3 (N.D. Cal. July 10, 2014) (finding employer's assumed 100% violation rate reasonably grounded in complaint alleging a "systematic, company-wide policy"). Defendant will reasonably assume only one meal period violation per workweek, instead of one meal violation per workday, which was upheld in *Mejia* and *Ford*.

32. Defendant's records show approximately 96,296 workweeks between May 22, 2022, and July 25, 2026 for its non-exempt, hourly-paid, employees, who were paid an average hourly rate of $23.18. Leatherbury Decl. ¶ 8. Even assuming one meal period violation per workweek, Plaintiff's meal period claim places in controversy at least **$2,232,141.28** (96,296 workweeks x $23.18 average hourly rate x 1 hour of alleged premium pay per workweek).

### 3. Plaintiff's Eighth Cause of Action for Failure To Provide Accurate Wage Statements Puts Additional Amounts in Controversy, Adding Approximately $1,058,650.

33. Plaintiff's Eighth Cause of Action alleges damages from, and requests penalties for, Defendant's alleged failure to provide Plaintiff and the putative class with accurate itemized wage statements. FAC ¶¶ 43; 114-120. Plaintiff alleges that Defendant "knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but they did not receive complete and accurate wage statements from Defendants." *Id.* ¶ 43. Plaintiff alleges that the wage statement "deficiencies include but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members." *Id.* at ¶ 113.

34. According to Plaintiff's allegation that the wage statements deficiencies "include but are not limited to" and "the total number of hours worked by Plaintiff and the other class members," it is reasonable to assume that each and every wage statement is defective. Thus, in determining the amount in controversy, it is appropriate to use a 100% violation rate for this cause of action. Where the plaintiff "does not narrow the scope of her complaint," courts have found that a

100% violation rate is "reasonably grounded in the complaint." *Ford v. CEC Ent., Inc.*, No. CV 14-01420 RS, 2014 WL 3377990, at *3 (N.D. Cal. July 10, 2014); *see also Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCX, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (upholding application of a 100% violation rate).

35. Under California Labor Code Section 226(e), an injured employee can recover actual damages or penalties of $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent pay period, up to an aggregate penalty of $4,000, for a knowing and intentional violation. The FAC alleges that Plaintiff and all other putative class members are "entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a) or an aggregate penalty not exceeding $4,000 per employee." FAC ¶ 119.

36. There is a one-year statute of limitations on claims for wage statement penalties. Cal. Code Civ. Proc. § 340(a).

37. As stated above, Defendant's review of employment data shows that there are approximately 477 non-exempt, hourly paid, employees within the wage statement class period, with approximately 10,825 bi-weekly pay periods. Leatherbury Decl. ¶ 9. Assuming a $50 penalty for the first violation, and $100 for each subsequent violation, Plaintiff's wage statement claim puts at least **$1,058,650** in controversy (calculated as penalties for initial pay periods ($50 x 477 non-exempt employees) + penalties for subsequent pay periods ($100 x (10,825 wage statements - 477 wage statements for initial pay periods for the non-exempt employees))).

### 4. Plaintiff's Sixth Cause of Action Seeking Waiting Time Penalties Places Approximately $1,760,306.40 in Controversy

38. Plaintiff alleges that "Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the

other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not receive all such wages owed to them at the time of their discharge or resignation." FAC ¶ 41. Plaintiff alleges "Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their earned and unpaid wages within seventy-two (72) hours of their leaving Defendants' employ." *Id.* ¶ 104.

39. Plaintiff seeks "statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203." *Id.* ¶ 107. According to Defendant's records, the employment of approximately 327 putative class members terminated more than 30 days ago and within the three years preceding the filing of Plaintiff's complaint, and those employees were paid an average, final hourly pay rate of approximately $22.43. Leatherbury Decl. ¶ 10.

40. Labor Code § 203 provides that an employer who willfully fails to timely pay wages to an employee who is discharged or quits, must pay, as a penalty, the "the wages of the employee . . . from the due date thereof . . . until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Based on Plaintiff's allegations of failure to pay current and former hourly employees their full wages at the time of discharge, Defendants may reasonably assume "that each terminated putative class member was entitled to 30 days of continuation wages at 8 hours of standard pay per day." *Oda v. Gucci Am., Inc.*, 2015 WL 93335, at *4 (C.D. Cal. Jan. 7, 2015); *see also Mackall v. Healthsource Glob. Staffing, Inc.*, 2016 WL 4579099, at *6 (N.D. Cal. Sept. 2, 2016) (finding that "allegations of willful failure to timely pay final wages (based on alleged overtime and meal and rest break violations)" support an estimated 100% violation rate for waiting time penalties).

41. Applying the average final wage rate at termination for each

terminated putative class member, the total waiting time penalties at issue is approximately **$1,760,306.40**, calculated as the average, final hourly pay rate for those employees ($22.43) x 8 hours per day x 30 days x 327 employees).

**5. Plaintiff's Request for Attorneys' Fees Put Additional Amounts in Controversy, Further Exceeding the CAFA Threshold.**

42. Defendant has demonstrated more than the requisite amount in controversy, as presented with this Notice of Removal. However, in addition to this amount, Plaintiff also seeks recovery of attorneys' fees. FAC ¶¶ 1, 68, 92, 137, 152, 154. While, Defendant denies Plaintiff's claim for attorneys' fees, attorneys' fees are properly included in determining the amount in controversy. As *Arias* makes clear, "*prospective* attorneys' fees *must* be included in the assessment of the amount in controversy." *Arias*, 936 F.3d at 922 (emphases added); *see also Chavez*, 888 F.3d at 414–15 ("[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses *all relief* a court may grant on that complaint if the plaintiff is victorious.") (emphasis added); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794–95 (9th Cir. 2018) ("The phrases 'all relief' and 'certain classes of damages' encompass *all of the plaintiff's future recovery*, not lost wages alone. Accordingly, *Chavez*'s reasoning *clearly applies to attorneys' fees*.") (emphases added).

43. For purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund). "Substantial authority supports a 'benchmark' 25 percent attorneys' fees figure to be *added* to any claim for which attorneys' fees are available" for purposes of assessing the amount in controversy under CAFA. *Herrera v. Carmax Auto Superstores Cal., LLC*, 2014 WL 12586254, at *4 (C.D. Cal. June 12, 2014) (emphasis added); *see also, e.g.*, *Molnar v. 1-800-Flowers.com, Inc.*, 2009 WL 481618, *5 (C.D. Cal. Feb. 23, 2009)

("Applying a 25% fee estimate to the $2,931,794.63 compensatory damages figure . . .yields an attorneys' fee award of $732,948.65. Therefore, the Court includes this amount in determining the amount in controversy.").

44. Therefore, Plaintiff's FAC—even excluding Plaintiff's eight other causes of action, including rest period violations, unreimbursed business expenses, and unpaid sick leave—conservatively puts the following amounts in controversy:

| **Item** | **Value** |
|---|---|
| Overtime Claim | $1,674,105.96 |
| Meal Period Claim | $2,232,141.28 |
| Wage Statement Claim | $1,058,650.00 |
| Waiting Time Penalties Claim | $1,760,306.40 |
| Attorneys' Fees | $1,681,300.91 |
| **Total** | **$8,406,504.55** |

45. Accordingly, Defendant has plausibly alleged that the amount in controversy exceeds $5,000,000 and meets the minimum threshold for CAFA jurisdiction.

## IV. VENUE

46. This action was originally filed in the Superior Court for the County of Alameda. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V. NOTICE

47. Defendant will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VI. CONCLUSION

48. Removal to this Court is proper under CAFA jurisdiction. If any

question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: August 20, 2026

MORGAN, LEWIS & BOCKIUS LLP

By *_/s/ Samuel S. Sadeghi_*
Jennifer B. Zargarof
Samuel S. Sadeghi
Hailey A. Phelan
Attorneys for Defendant
ODP BUSINESS SOURCING, LLC

# Exhibit 1

Arby Aiwazian (SBN 269827)
*aa@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203
Tel: (818) 265-1020
Fax: (818) 265-1021

*Attorneys for* Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
05/22/2026 at 05:00:44 PM
By: Andrel Gospel,
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

JESSE NORGROVE, individually, and on behalf of other members of the general public similarly situated;

Plaintiff,

vs.

VEYER, LLC, an unknown business entity; and DOES 1 through 100, inclusive,

Defendants.

Case No.: 26CV189872

**CLASS ACTION COMPLAINT FOR DAMAGES**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);
(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(5) Violation of California Labor Code §§ 245, *et seq.* (Failure to Provide Paid Sick Leave)
(6) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);
(7) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);
(8) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);
(9) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records);
(10) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);
(11) Violation of California Business & Professions Code § 17200, et seq.

**DEMAND FOR JURY TRIAL**

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS for JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

COMES NOW, Plaintiff JESSE NORGROVE ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

**JURISDICTION AND VENUE**

1. This class action is brought pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The "amount in controversy" for the named Plaintiff, including but not limited to claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3. This Court has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice.

4. Venue is proper in this Court because, upon information and belief, Defendant maintains offices, has agents, employs individuals, and/or transacts business in the State of California, County of Alameda. The majority of acts and omissions alleged herein relating to Plaintiff and the other class members took place in the State of California, including the County of Alameda.

**PARTIES**

5. Plaintiff JESSE NORGROVE is an individual residing in the State of California.

6. Defendant VEYER, LLC, at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Alameda.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

7. At all relevant times, Defendant VEYER, LLC was the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

8. At all times herein relevant, Defendants VEYER, LLC and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators, and/or assigns, each of the other, and at all times relevant hereto, were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators, and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and/or consent of each defendant designated as a DOE herein.

9. The true names and capacities, whether corporate, associate, individual, or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based thereon, alleges that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10. Defendant VEYER, LLC and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

11. Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants employers liable under the statutory provisions set forth herein.

## **CLASS ACTION ALLEGATIONS**

12. Plaintiff brings this action on his own behalf and on behalf of all other members of the general public similarly situated and, thus, seeks class certification under California Code of Civil Procedure section 382.

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

13. The proposed class is defined as follows:

**Class**: All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment.

**Subclass A:** All class members who received overtime compensation at a rate lower than their respective regular rate of pay because Defendants failed to include all shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay in the calculation of the regular rate of pay for overtime pay purposes.

**Subclass B:** All class members who earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay that was not used to calculate the amount of the meal break or rest break penalty/premium payment.

14. Plaintiff reserves the right to establish additional subclasses as appropriate.

15. The class is ascertainable, and there is a well-defined community of interest in the litigation:

a. Numerosity: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b. Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom he has a well-defined community of interest.

c. Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom he has a well-defined community of

interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e. Public Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

16. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a. Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code was willful;

b. Whether Defendants had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

c. Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d. Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e. Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f. Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g. Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h. Whether Defendants complied with wage reporting as required by the California Labor Code, including, *inter alia*, section 226;

i. Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j. Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k. Whether Defendants' conduct was willful or reckless;

l. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

m. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n. Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

## GENERAL ALLEGATIONS

17. At all relevant times set forth herein, Defendants employed Plaintiff and the other class members as hourly-paid or non-exempt employees within the State of California, including the County of Alameda.

18. Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee from approximately September 2015 to approximately January 2026 in the State of California, County of Alameda.

19. Defendants hired Plaintiff and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

20. Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

21. Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

22. Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

23. Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

24. Plaintiff and the other class members worked over eight (8) hours in a day and/or forty (40) hours in a week during their employment with Defendants.

25. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law.

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

26. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.

27. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

28. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission ("IWC") Wage Orders, and, thus, they are entitled to any and all applicable penalties.

29. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a meal period was missed.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

31. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

discretionary performance pay to calculate the regular rate of pay for the payment of meal or rest period premium wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and meal or rest period premium wages in the same workweek.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

33. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the earned commissions/non-discretionary bonuses/non-discretionary performance pay/non-discretionary shift differentials/non-discretionary incentive pay to calculate the regular rate of pay used to calculate the sick time pay for each day in which Plaintiff and the other class members were entitled to sick time pay and failed accurately credit/accrue sick time pay based for all hours worked by Plaintiff and the other class members.

34. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not receive all such wages owed to them at the time of their discharge or resignation.

35. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment. Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

36. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but they did not receive complete and accurate wage statements from Defendants. The deficiencies included,

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

*inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members.

37. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but they did not keep complete and accurate payroll records.

38. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

39. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

40. During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

41. During the relevant time period, Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

42. During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

///

LAWYERS for JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

43. During the relevant time period, Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay for the payment of meal or rest period premium wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and meal or rest period premium wages in the same workweek.

44. During the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

45. During the relevant time period, Defendants failed to use the earned commissions/non-discretionary bonuses/non-discretionary performance pay/non-discretionary shift differentials/non-discretionary incentive pay to calculate the regular rate of pay used to calculate the sick time pay for each day in which Plaintiff and the other class members were entitled to sick time pay and failed accurately credit/accrue sick time pay based for all hours worked by Plaintiff and the other class members.

46. During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

47. During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

48. During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

49. During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

50. During the relevant time period, Defendants failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

51. During the relevant time period, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

52. California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

**FIRST CAUSE OF ACTION**

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against VEYER, LLC and DOES 1 through 100)**

53. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 52, and each and every part thereof with the same force and effect as though fully set forth herein.

54. California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one-and-one-half times (1.5x) or two times (2x) that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

55. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members who worked more than eight (8) hours in a day or forty (40) hours in a workweek at the rate of one-and-one-half times (1.5x) all hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek.

56. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times (2x) their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

57. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

58. During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

59. During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

60. Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198.

61. Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against VEYER, LLC and DOES 1 through 100)**

62. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 61, and each and every part thereof with the same force and effect as though fully set forth herein.

63. At all relevant times, the IWC Wage Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

64. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by the applicable IWC Wage Order.

65. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

66. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

67. During the relevant time period, Plaintiff and the other class members who were scheduled to work no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for more than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

68. During the relevant time period, Plaintiff and the other class members, who were scheduled to work in excess of six (6) hours, were required to work more than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

69. During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate them the full meal period premium for work performed during meal periods.

70. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

71. Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

72. Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular rate of compensation for each work day that a meal or rest period is not provided.

///

///

///

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**THIRD CAUSE OF ACTION**

**(Violation of California Labor Code § 226.7)**

**(Against VEYER, LLC and DOES 1 through 100)**

73. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 72, and each and every part thereof with the same force and effect as though fully set forth herein.

74. At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

75. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by the applicable IWC Wage Order.

76. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

77. During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute net rest period per each four (4) hour period worked.

78. During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

79. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

///

80. Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

81. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that a rest period was not provided.

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against VEYER, LLC and DOES 1 through 100)**

82. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 81, and each and every part thereof with the same force and effect as though fully set forth herein.

83. At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that employees must be paid at least minimum wage, and any lesser payment than the fixed minimum is unlawful.

84. During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

85. Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections, Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

86. Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages and $250.00 for each subsequent failure to pay each employee minimum wages.

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

87. Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 245 through 249)**

**(Against VALLEY STRONG CREDIT UNION and DOES 1 through 100)**

88. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 87, and each and every part thereof with the same force and effect as though fully set forth herein.

89. Pursuant to California Labor Code sections 245 and 246, an employer must provide its employees with paid sick leave if the employee works in California for the same employer for 30 or more days within a year from the commencement of employment.

90. Labor Code section 246(b) provides that "[a]n employee shall accrue paid sick days at the rate of not less than one hour per every thirty (30) hours worked[.]"

91. Labor Code section 246(l) provides that the employer shall calculate and pay paid sick leave for non-exempt employees by using one of the following calculations: "in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek[,]" or "by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment."

92. Defendants failed to use the earned commissions/non-discretionary bonuses/non-discretionary performance pay/non-discretionary shift differentials/non-discretionary incentive pay to calculate the regular rate of pay used to calculate the sick time pay for each day in which Plaintiff and the other class members were entitled to sick time pay.

93. Defendants failed to accurately record time worked and thus accurately credit/accrue sick time pay, failed to timely pay sick time pay, and/or failed to correctly calculate and pay sick time pay, to Plaintiff and other class members and aggrieved employees, in

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

violation of Labor Code sections 227.3 and 245 *et seq.*, resulting in underpayment of wages in violation of Labor Code sections 201, 202, and 203.

94. Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code sections 245 through 249.

**SIXTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201 and 202)**

**(Against VEYER, LLC and DOES 1 through 100)**

95. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 94, and each and every part thereof with the same force and effect as though fully set forth herein.

96. At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

97. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their earned and unpaid wages within seventy-two (72) hours of their leaving Defendants' employ.

98. Defendants' failure to pay Plaintiff and the other class members their earned and unpaid wages within seventy-two (72) hours of their leaving Defendants' employ is in violation of California Labor Code sections 201 and 202.

99. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; however, the wages shall not continue for more than thirty (30) days.

///

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

100. Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

**SEVENTH CAUSE OF ACTION**

**(Violation of California Labor Code § 204)**

**(Against VEYER, LLC and DOES 1 through 100)**

101. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 100, and each and every part thereof with the same force and effect as though fully set forth herein.

102. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the first and fifteenth day, inclusive of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth and twenty-sixth day of the month during which the labor was performed.

103. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the sixteenth and the last day, inclusive of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first and tenth day of the following month.

104. At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

105. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them within any time period permissible under California Labor Code section 204.

106. Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

///

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**EIGHTH CAUSE OF ACTION**

**(Violation of California Labor Code § 226(a))**

**(Against VEYER, LLC and DOES 1 through 100)**

107. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 106, and each and every part thereof with the same force and effect as though fully set forth herein.

108. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated with the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

109. Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.

110. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

///

111. More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

112. Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a) or an aggregate penalty not exceeding $4,000 per employee.

113. Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section pursuant to California Labor Code section 226(h).

**NINTH CAUSE OF ACTION**

**(Violation of California Labor Code § 1174(d))**

**(Against VEYER, LLC and DOES 1 through 100)**

114. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 113, and each and every part thereof with the same force and effect as though fully set forth herein.

115. Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

116. Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid to Plaintiff and the other class members.

117. As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

118. More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest in having available, accurate, and complete payroll records pursuant to California Labor Code section 1174(d).

**TENTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against VEYER, LLC and DOES 1 through 100)**

119. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 118, and each and every part thereof with the same force and effect as though fully set forth herein.

120. Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

121. Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

122. Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

123. Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

**ELEVENTH CAUSE OF ACTION**

**(Violation of California Business & Professions Code § 17200, et seq.)**

**(Against VEYER, LLC and DOES 1 through 100)**

124. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 123, and each and every part thereof with the same force and effect as though fully set forth herein.

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

125. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

126. Defendants' activities, as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

127. A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law. In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1. Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202, and 204. Defendants also violated California Labor Code sections 226(a), 1174(d), 2800, and 2802.

128. As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

129. Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

130. Pursuant to California Business & Professions Code section 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years preceding the filing of this

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

Complaint, an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws, and an award of costs.

**DEMAND FOR JURY TRIAL**

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

**Class Certification**

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representative of the Class;
3. That counsel for Plaintiff be appointed as Class Counsel; and
4. That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail, and telephone numbers) of all class members.

**As to the First Cause of Action**

5. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;
6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;
7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;
8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and
9. For such other and further relief as the Court may deem just and proper.

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**As to the Second Cause of Action**

10. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12. For all actual, consequential, and incidental losses and damages, according to proof;

13. For premium wages pursuant to California Labor Code section 226.7(c);

14. For pre-judgment interest on any unpaid wages from the date such amounts were due;

15. For reasonable attorneys' fees and costs of suit incurred herein; and

16. For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

17. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For premium wages pursuant to California Labor Code section 226.7(c);

21. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22. For such other and further relief as the Court may deem just and proper.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**As to the Fourth Cause of Action**

23. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24. For general unpaid wages and such general and special damages as may be appropriate;

25. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28. For liquidated damages pursuant to California Labor Code section 1194.2; and

29. For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

30. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 245 through 249 by failing to provide paid sick leave.

31. For all actual, consequential, and incidental losses and damages, according to proof;

32. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

33. For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action**

34. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

35. For all actual, consequential, and incidental losses and damages, according to proof;

36. For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

37. For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

38. For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

39. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff and the other class members;

40. For all actual, consequential, and incidental losses and damages, according to proof;

41. For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

42. For such other and further relief as the Court may deem just and proper.

**As to the Eighth Cause of Action**

43. That the Court declare, adjudge, and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

44. For actual, consequential, and incidental losses and damages, according to proof;

45. For statutory penalties pursuant to California Labor Code section 226(e);

46. For injunctive relief to ensure compliance with this section pursuant to California Labor Code section 226(h); and

47. For such other and further relief as the Court may deem just and proper.

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

**As to the Ninth Cause of Action**

48. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiff and the other class members as required by California Labor Code section 1174(d);

49. For actual, consequential, and incidental losses and damages, according to proof;

50. For statutory penalties pursuant to California Labor Code section 1174.5; and

51. For such other and further relief as the Court may deem just and proper.

**As to the Tenth Cause of Action**

52. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

53. For actual, consequential, and incidental losses and damages, according to proof;

54. For the imposition of civil penalties and/or statutory penalties;

55. For reasonable attorneys' fees and costs of suit incurred herein; and

56. For such other and further relief as the Court may deem just and proper.

**As to the Eleventh Cause of Action**

57. That the Court declare, adjudge, and decree that Defendants violated California Business and Professions Code section 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to timely pay Plaintiff's and the other class members' wages, failing to provide Plaintiff and other class members with complete and accurate wage statements, failing to keep complete and accurate payroll records, and failing to

///

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

reimburse Plaintiff and the other class members for necessary business-related expenses and costs.

58. For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

59. For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violating California Business and Professions Code section 17200, et seq.;

60. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

61. For injunctive relief to ensure compliance with this section pursuant to California Business and Professions Code section 17200, et seq.; and

62. For such other and further relief as the Court may deem just and proper.

Dated: May 22, 2026

**LAWYERS *for* JUSTICE, PC**

By: ______________________
Arby Aiwazian
*Attorneys for* Plaintiff

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
05/22/2026
Chad Finke, Executive Officer / Clerk of the Court
By: A. Gospel Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

VEYER, LLC, an unknown business entity; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

JESSE NORGROVE, individually, and on behalf of other members of the general public similarly situated;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of State of California
County of Alameda, Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, California 94612

CASE NUMBER:
*(Número del Caso):*
26CV189872

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Arby Aiwazian, Lawyers for Justice, PC, 450 North Brand Blvd., Suite 900, Glendale, CA 91203; Tel: (818) 265-1020

DATE: 05/22/2026
*(Fecha)* Chad Finke, Executive Officer / Clerk of the Court
Clerk, by *(Secretario)* A. Gospel , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* VEYER, LLC, an unknown business entity

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)
- ☒ other *(specify):* An unknown business entity

4. ☒ by personal delivery on *(date):* By Email on 07/20/2026

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER:
NAME: Arby Aiwazian (SBN 269827)
FIRM NAME: LAWYERS FOR JUSTICE, PC
STREET ADDRESS: 450 North Brand Blvd., Suite 900
CITY: Glendale STATE: CA ZIP CODE: 91203
TELEPHONE NO.: (818) 265-1020 FAX NO.: (818) 265-1021
EMAIL ADDRESS: aa@calljustice.com
ATTORNEY FOR (*name*): Plaintiff Jesse Norgrove

*FOR COURT USE ONLY*

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
05/22/2026 at 05:00:44 PM
By: Andrel Gospel,
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Norgrove v. Veyer, LLC

## CIVIL CASE COVER SHEET

[✖] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**

[ ] Counter [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 26CV189872
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Asbestos**
[ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/Unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✖] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Employment Development Department (EDD)**
[ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Comprehensive groundwater adjudication (47)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? [x] Yes [ ] No

If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties
b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [x] Substantial amount of documentary evidence
d. [x] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

a. [x] monetary
b. [x] nonmonetary; declaratory or injunctive relief
c. [x] punitive

4. Number of causes of action *(specify):* Eleven

5. Is this case a class action suit? [x] Yes [ ] No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 22, 2026

Arby Aiwazian
(TYPE OR PRINT NAME)

▶ [signature: Arby Aiwazian]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/ Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or toxic/ environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collections Case–Seller Plaintiff
- Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

**Short Title:** Norgrove v. Veyer, LLC

**Case Number:**

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)
[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G) |
| | | **Is this an uninsured motorist case? [ ] yes [ ] no** |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 Asbestos (D) |
| | Product liability (24) | [ ] 89 Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 Civil rights (G) |
| | Defamation (13) | [ ] 84 Defamation (G) |
| | Fraud (16) | [ ] 24 Fraud (G) |
| | Intellectual property (19) | [ ] 87 Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 Wrongful termination (G) |
| | Other employment (15) | [X] 85 Other employment (G) |
| | | [ ] 53 Labor comm award confirmation |
| | | [ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 Collections (G) |
| | Insurance coverage (18) | [ ] 86 Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 Unlawful Detainer - commercial — **Is the deft. in possession** |
| | Residential (32) | [ ] 47 Unlawful Detainer - residential — **of the property?** |
| | Drugs (38) | [ ] 21 Unlawful detainer - drugs — **[ ] Yes [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] 41 Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No** |
| | Other judicial review (39) | [ ] 64 Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 Construction defect |
| | Claims involving mass tort (40) | [ ] 78 Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment |
| | | [ ] 08 Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name |
| | | [ ] 69 Other petition |

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Alameda<br>05/22/2026<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: [signature] Deputy<br>A. Gospel |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | |
| PLAINTIFF:<br>JESSE NORGROVE, | |
| DEFENDANT:<br>VEYER, LLC, an unknown business entity | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>26CV189872 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

Date: 11/16/2026 Time: 2:30 PM Dept.: 21

Location: Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

If the parties agree, they may try the case in an Expedited Jury Trial. Code of Civ. Proc. § 630.01 et seq. In short, the parties would agree to the following: 8 jurors (6 must agree); 3 peremptory challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two court days for completion, unless otherwise agreed and approved; high/low arrangement option; and limited right to appeal. For additional information, please see the following links:

- EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
- EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
- EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Alameda<br>05/22/2026<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: ______ Deputy<br>A. Gospel |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |
| PLAINTIFF/PETITIONER:<br>JESSE NORGROVE, | |
| DEFENDANT/RESPONDENT:<br>VEYER, LLC, an unknown business entity | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>26CV189872 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Arby Aiwazian
LAWYERS for JUSTICE, PC
450 North Brand Blvd., Suite 900 Suite 900
Glendale, CA 91203

Chad Finke, Executive Officer / Clerk of the Court

Dated: 05/27/2026 By:

A. Gospel, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Rene C. Davidson Courthouse, Department 21

JUDICIAL OFFICER: HONORABLE S. RAJ CHATTERJEE

Courtroom Clerk: Belinda Mercado CSR: None

**26CV189872** July 2, 2026 2:30 PM

**NORGROVE,**
**vs**
**VEYER, LLC, AN UNKNOWN BUSINESS ENTITY**

## MINUTES

**NATURE OF PROCEEDINGS: Complex Determination Hearing**

ORDER RE: COMPLIANCE

The Court has ordered the following after review of the case.

**COMPLEX DETERMINATION - GRANTED CLASS ACTION**

**COMPLEX DETERMINATION**

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

**PORTAL INFORMATION**

Calendar information, filings, and tentative rulings are available to the public athttps://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department. Counsel should review the portal information for Departments 21 and 18 available on the web.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

**CLASS CERTIFICATION MOTION DEADLINE**

Plaintiff must file a motion for class certification by 05/03/2027.

Judicial: Non-Appearance Case Review re: Deadline to File Motion for Class Certification is scheduled for 05/03/2027 at 02:30 PM in Department 21 at Rene C. Davidson Courthouse.

The Court finds that this deadline provides sufficient time for the parties to complete class discovery. See generally CRC 3.764(b). The parties are expected to diligently proceed with undertaking discovery necessary for determining class certification and to timely resolve any disputes that arise, including bringing any necessary motions, to meet this deadline.

**MANDATORY JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

At least seven calendar days before the Initial Case Management Conference (“CMC”), the parties shall file a Joint CMC Statement on pleading paper. All parties who have appeared shall participate in the Joint CMC Statement. The Joint CMC Statement should address from each party’s perspective each issue set forth in CRC Rule 3.750(b). The Joint CMC Statement should also address any additional matters that any party believes will advance the action.
For all subsequent CMCs, the parties shall file a Joint CMC Statement on pleading paper setting for the status of the action and any appropriate matters. The Joint CMC Statement shall be filed at least 7 calendar days before the CMC.

**SUMMARY DISCOVERY MOTION PROCEDURES BY STIPULATION**

The Complex Civil Departments 18 and 21 permit parties to submit discovery disputes by stipulation under summary procedures that are posted in the Court’s portal pages.

**SERVICE OF THIS ORDER**

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third-party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

By: B. Mercado, Deputy Clerk

Minutes of: 07/02/2026
Entered on: 07/02/2026

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Rene C. Davidson Courthouse

| | |
|---|---|
| JESSE NORGROVE,<br>Plaintiff/Petitioner(s)<br>vs.<br>VEYER, LLC, an unknown business entity<br>Defendant/Respondent (s) | No. 26CV189872<br><br>Date: 07/02/2026<br>Time: 2:30 PM<br>Dept: 21<br>Judge: S. Raj Chatterjee<br><br>ORDER Complex Determination Hearing |

ORDER RE: COMPLIANCE

The Court has ordered the following after review of the case.

**COMPLEX DETERMINATION - GRANTED CLASS ACTION**

**COMPLEX DETERMINATION**

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

**PORTAL INFORMATION**

Calendar information, filings, and tentative rulings are available to the public athttps://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department. Counsel should review the portal information for Departments 21 and 18 available on the web.

**CLASS CERTIFICATION MOTION DEADLINE**

Plaintiff must file a motion for class certification by 05/03/2027.

Judicial: Non-Appearance Case Review re: Deadline to File Motion for Class Certification is scheduled for 05/03/2027 at 02:30 PM in Department 21 at Rene C. Davidson Courthouse.

The Court finds that this deadline provides sufficient time for the parties to complete class discovery. See generally CRC 3.764(b). The parties are expected to diligently proceed with undertaking discovery necessary for determining class certification and to timely resolve any disputes that arise, including bringing any necessary motions, to meet this deadline.

**MANDATORY JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

At least seven calendar days before the Initial Case Management Conference ("CMC"), the parties shall file a Joint CMC Statement on pleading paper. All parties who have appeared shall participate in the Joint CMC Statement. The Joint CMC Statement should address from each party's perspective each issue set forth in CRC Rule 3.750(b). The Joint CMC Statement should also address any additional matters that any party believes will advance the action.
For all subsequent CMCs, the parties shall file a Joint CMC Statement on pleading paper setting for the status of the action and any appropriate matters. The Joint CMC Statement shall be filed at least 7 calendar days before the CMC.

**SUMMARY DISCOVERY MOTION PROCEDURES BY STIPULATION**

The Complex Civil Departments 18 and 21 permit parties to submit discovery disputes by stipulation under summary procedures that are posted in the Court's portal pages.

**SERVICE OF THIS ORDER**

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third-party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated : 07/02/2026

S. Raj Chatterjee / Judge

# Exhibit 2

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: Arby Aiwazian (SBN 269827)<br>FIRM NAME: LAWYERS for JUSTICE, PC<br>STREET ADDRESS: 450 North Brand Blvd., Suite 900<br>CITY: Glendale STATE: CA ZIP CODE: 91203<br>TELEPHONE NO.: (818) 265-1020 FAX NO. : (818) 265-1021<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (*Name*): Plaintiff Jesse Norgrove | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, 94612<br>BRANCH NAME: Rene C. Davidson Courthouse | |
| Plaintiff/Petitioner: Jesse Norgrove<br>Defendant/Respondent: Veyer, LLC | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>26CV189872 |

TO *(insert name of party being served):* VEYER, LLC, an unknown business entity

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 20, 2026

Joselynn Peña
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify):*

Civil Case Cover Sheet and Civil Case Cover Sheet Addendum; Notice of Case Management Conference; Minute Order: Complex Determination Hearing; and, Order Regarding Complex Determination Hearing

***(To be completed by recipient):***

Date this form is signed: July 21, 2026

Jennifer B. Zargarof, Counsel for ODP Business Sourcing, LLC (formerly Veyer, LLC)
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ [signature]
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

# Exhibit 3

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: Tara Zabehi (SBN 314706); Connie Lee (SBN 357364); Maria Halwadjian (SBN 358015)<br>FIRM NAME: LAWYERS for JUSTICE, PC<br>STREET ADDRESS: 450 North Brand Blvd., Suite 900<br>CITY: Glendale STATE: CA ZIP CODE: 91203<br>TELEPHONE NO.: (818) 265-1020 FAX NO.: (818) 265-1021<br>E-MAIL ADDRESS: tara@calljustice.com; connie@calljustice.com; maria@calljustice.com<br>ATTORNEY FOR (*Name*): Plaintiff Jesse Norgrove | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, 94612<br>BRANCH NAME: Rene C. Davidson Courthouse | |
| Plaintiff/Petitioner: Jesse Norgrove<br>Defendant/Respondent: Veyer, LLC | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>26CV189872 |

TO *(insert name of party being served):* VEYER, LLC, an unknown business entity

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 4, 2026

Joselynn Peña
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. ☐ A copy of the summons and of the complaint.
2. ☒ Other *(specify):*

First Amended Complaint; Summons on First Amended Complaint

***(To be completed by recipient):***

Date this form is signed: August 18, 2026

Samuel S. Sadeghi on behalf of Office Depot Business Sourcing, LLC (formerly Veyer, LLC)
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

[signature] Counsel for Defendant
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

FILED
Superior Court of California
County of Alameda
07/29/2026
Chad Finke, Executive Officer / Clerk of the Court
By: Deputy
D. Harbour

Electronically Received 07/29/2026 01:00 PM

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

Tara Zabehi (SBN 314706)
*tara@calljustice.com*
Connie Lee (SBN 357364)
*connie@calljustice.com*
Maria Halwadjian (SBN 358015)
*maria@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203
Tel: (818) 265-1020
Fax: (818) 265-1021

*Attorneys for* Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

JESSE NORGROVE, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;

Plaintiff,

vs.

VEYER, LLC, an unknown business entity; and DOES 1 through 100, inclusive,

Defendants.

Case No.: 26CV189872

Honorable Somnath Raj Chatterjee
Department 21

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);
(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(5) Violation of California Labor Code §§ 245, *et seq.* (Failure to Provide Paid Sick Leave)
(6) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);
(7) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);
(8) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);
(9) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records);
(10) Violation of California Labor Code

§§ 2800 and 2802 (Unreimbursed Business Expenses);
(11) Violation of California Business & Professions Code § 17200, et seq.
(12) Violation of California Labor Code § 2698, et seq. (California Labor Code Private Attorneys General Act of 2004)

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff JESSE NORGROVE ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, and alleges as follows:

## JURISDICTION AND VENUE

1. This class action is brought pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The "amount in controversy" for the named Plaintiff, including but not limited to claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3. This Court has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice.

4. Venue is proper in this Court because, upon information and belief, Defendant maintains offices, has agents, employs individuals, and/or transacts business in the State of California, County of Alameda. The majority of acts and omissions alleged herein relating to

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

Plaintiff and the other class members took place in the State of California, including the County of Alameda.

**PARTIES**

5. Plaintiff JESSE NORGROVE is an individual residing in the State of California.

6. Defendant VEYER, LLC, at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Alameda.

7. At all relevant times, Defendant VEYER, LLC was the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

8. At all times herein relevant, Defendants VEYER, LLC and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators, and/or assigns, each of the other, and at all times relevant hereto, were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators, and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and/or consent of each defendant designated as a DOE herein.

9. The true names and capacities, whether corporate, associate, individual, or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based thereon, alleges that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10. Defendant VEYER, LLC and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

///

11. Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action on his own behalf and on behalf of all other members of the general public similarly situated and, thus, seeks class certification under California Code of Civil Procedure section 382.

13. The proposed class is defined as follows:

**Class**: All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from May 22, 2022 to final judgment.

**Subclass A:** All class members who received overtime compensation at a rate lower than their respective regular rate of pay because Defendants failed to include all shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay in the calculation of the regular rate of pay for overtime pay purposes.

**Subclass B:** All class members who earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay that was not used to calculate the amount of the meal break or rest break penalty/premium payment.

14. Plaintiff reserves the right to establish additional subclasses as appropriate.

15. The class is ascertainable, and there is a well-defined community of interest in the litigation:

a. Numerosity: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be

///

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

greater than fifty (50) individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b. Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom he has a well-defined community of interest.

c. Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e. Public Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

///

///

16. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a. Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code was willful;

b. Whether Defendants had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c. Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d. Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e. Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f. Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g. Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h. Whether Defendants complied with wage reporting as required by the California Labor Code, including, *inter alia*, section 226;

///

///

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

i. Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j. Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k. Whether Defendants' conduct was willful or reckless;

l. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

m. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n. Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

**PAGA ALLEGATIONS**

17. At all times herein set forth, California Private Attorneys General Act ("PAGA") was applicable to Plaintiff's employment by Defendants.

18. At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

19. Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom the alleged violations were committed.

20. Plaintiff was employed by Defendants, and the alleged violations were committed against him during his time of employment, and he is, therefore, an aggrieved employee. Plaintiff and the other employees are "aggrieved employees" as defined by

///

California Labor Code section 2699(c) in that they are current or former employees of Defendants, and the alleged violations were committed against them.

21. Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

a. The aggrieved employee shall give written notice by online submission (hereinafter, "Employee's Notice") to the LWDA and by certified mail to the employer of the specific provisions of the alleged California Labor Code violations, including the facts and theories to support the alleged violations.

b. The LWDA shall provide notice (hereinafter, "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violations within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties, in addition to any other penalties to which the employee may be entitled.

22. On May 22, 2026, Plaintiff provided written notice by online submission to the LWDA and by certified mail to Defendant VEYER, LLC of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Plaintiff did not receive an LWDA Notice within sixty-five (65) days of the date of Plaintiff's notice. Plaintiff has not received any notice of Defendants' intention to cure the alleged violations.

23. Therefore, Plaintiff has satisfied the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties against Defendants for

///

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 245-249, 510, 512(a), 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802.

**GENERAL ALLEGATIONS**

24. At all relevant times set forth herein, Defendants employed Plaintiff and the other class members as hourly-paid or non-exempt employees within the State of California, including the County of Alameda.

25. Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee from approximately September 2015 to approximately January 2026 in the State of California, County of Alameda.

26. Defendants hired Plaintiff and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

27. Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

28. Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

29. Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

30. Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

31. Plaintiff and the other class members worked over eight (8) hours in a day and/or forty (40) hours in a week during their employment with Defendants.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This pattern and practice involved, *inter alia*, failing

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law.

33. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.

34. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

35. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission ("IWC") Wage Orders, and, thus, they are entitled to any and all applicable penalties.

36. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a meal period was missed.

37. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

38. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay for the payment of meal or rest period premium wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and meal or rest period premium wages in the same workweek.

39. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

40. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the earned commissions/non-discretionary bonuses/non-discretionary performance pay/non-discretionary shift differentials/non-discretionary incentive pay to calculate the regular rate of pay used to calculate the sick time pay for each day in which Plaintiff and the other class members were entitled to sick time pay and failed accurately credit/accrue sick time pay based for all hours worked by Plaintiff and the other class members.

41. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not receive all such wages owed to them at the time of their discharge or resignation.

42. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment. Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

43. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive

complete and accurate wage statements in accordance with California law, but they did not receive complete and accurate wage statements from Defendants. The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members and the complete and accurate name of the legal entity that was the employer.

44. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but they did not keep complete and accurate payroll records.

45. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

46. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

47. During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

48. During the relevant time period, Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

///

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

49. During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

50. During the relevant time period, Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay for the payment of meal or rest period premium wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and meal or rest period premium wages in the same workweek.

51. During the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

52. During the relevant time period, Defendants failed to use the earned commissions/non-discretionary bonuses/non-discretionary performance pay/non-discretionary shift differentials/non-discretionary incentive pay to calculate the regular rate of pay used to calculate the sick time pay for each day in which Plaintiff and the other class members were entitled to sick time pay and failed accurately credit/accrue sick time pay based for all hours worked by Plaintiff and the other class members.

53. During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

54. During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

55. During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

56. During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

57. During the relevant time period, Defendants failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

///

58. During the relevant time period, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

59. California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

**<u>FIRST CAUSE OF ACTION</u>**

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against VEYER, LLC and DOES 1 through 100)**

60. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 59, and each and every part thereof with the same force and effect as though fully set forth herein.

61. California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one-and-one-half times (1.5x) or two times (2x) that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

62. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members who worked more than eight (8) hours in a day or forty (40) hours in a workweek at the rate of one-and-one-half times (1.5x) all hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek.

63. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times (2x) their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

64. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in

///

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

65. During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.

66. During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

67. Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198.

68. Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against VEYER, LLC and DOES 1 through 100)**

69. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 68, and each and every part thereof with the same force and effect as though fully set forth herein.

70. At all relevant times, the IWC Wage Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

71. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by the applicable IWC Wage Order.

72. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

73. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

74. During the relevant time period, Plaintiff and the other class members who were scheduled to work no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for more than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

75. During the relevant time period, Plaintiff and the other class members, who were scheduled to work in excess of six (6) hours, were required to work more than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

76. During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate them the full meal period premium for work performed during meal periods.

77. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

78. Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

79. Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular rate of compensation for each work day that a meal or rest period is not provided.

LAWYERS for JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**THIRD CAUSE OF ACTION**

**(Violation of California Labor Code § 226.7)**

**(Against VEYER, LLC and DOES 1 through 100)**

80. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 79, and each and every part thereof with the same force and effect as though fully set forth herein.

81. At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

82. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by the applicable IWC Wage Order.

83. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

84. During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute net rest period per each four (4) hour period worked.

85. During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

86. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

///

87. Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

88. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that a rest period was not provided.

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against VEYER, LLC and DOES 1 through 100)**

89. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 88, and each and every part thereof with the same force and effect as though fully set forth herein.

90. At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that employees must be paid at least minimum wage, and any lesser payment than the fixed minimum is unlawful.

91. During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

92. Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections, Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

93. Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages and $250.00 for each subsequent failure to pay each employee minimum wages.

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

94. Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 245 through 249)**

**(Against VEYER, LLC and DOES 1 through 100)**

95. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 94, and each and every part thereof with the same force and effect as though fully set forth herein.

96. Pursuant to California Labor Code sections 245 and 246, an employer must provide its employees with paid sick leave if the employee works in California for the same employer for 30 or more days within a year from the commencement of employment.

97. Labor Code section 246(b) provides that "[a]n employee shall accrue paid sick days at the rate of not less than one hour per every thirty (30) hours worked[.]"

98. Labor Code section 246(l) provides that the employer shall calculate and pay paid sick leave for non-exempt employees by using one of the following calculations: "in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek[,]" or "by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment."

99. Defendants failed to use the earned commissions/non-discretionary bonuses/non-discretionary performance pay/non-discretionary shift differentials/non-discretionary incentive pay to calculate the regular rate of pay used to calculate the sick time pay for each day in which Plaintiff and the other class members were entitled to sick time pay.

100. Defendants failed to accurately record time worked and thus accurately credit/accrue sick time pay, failed to timely pay sick time pay, and/or failed to correctly calculate and pay sick time pay, to Plaintiff and other class members and aggrieved employees, in

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

violation of Labor Code sections 227.3 and 245 *et seq.*, resulting in underpayment of wages in violation of Labor Code sections 201, 202, and 203.

101. Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code sections 245 through 249.

**SIXTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201 and 202)**

**(Against VEYER, LLC and DOES 1 through 100)**

102. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 101, and each and every part thereof with the same force and effect as though fully set forth herein.

103. At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

104. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their earned and unpaid wages within seventy-two (72) hours of their leaving Defendants' employ.

105. Defendants' failure to pay Plaintiff and the other class members their earned and unpaid wages within seventy-two (72) hours of their leaving Defendants' employ is in violation of California Labor Code sections 201 and 202.

106. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; however, the wages shall not continue for more than thirty (30) days.

///

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

107. Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

**<u>SEVENTH CAUSE OF ACTION</u>**

**(Violation of California Labor Code § 204)**

**(Against VEYER, LLC and DOES 1 through 100)**

108. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 107, and each and every part thereof with the same force and effect as though fully set forth herein.

109. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the first and fifteenth day, inclusive of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth and twenty-sixth day of the month during which the labor was performed.

110. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the sixteenth and the last day, inclusive of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first and tenth day of the following month.

111. At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

112. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them within any time period permissible under California Labor Code section 204.

113. Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

///

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**EIGHTH CAUSE OF ACTION**

**(Violation of California Labor Code § 226(a))**

**(Against VEYER, LLC and DOES 1 through 100)**

114. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 113, and each and every part thereof with the same force and effect as though fully set forth herein.

115. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated with the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

116. Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.

117. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

///

118. More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

119. Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a) or an aggregate penalty not exceeding $4,000 per employee.

120. Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section pursuant to California Labor Code section 226(h).

**NINTH CAUSE OF ACTION**

**(Violation of California Labor Code § 1174(d))**

**(Against VEYER, LLC and DOES 1 through 100)**

121. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 120, and each and every part thereof with the same force and effect as though fully set forth herein.

122. Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

123. Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid to Plaintiff and the other class members.

124. As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

125. More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest in having available, accurate, and complete payroll records pursuant to California Labor Code section 1174(d).

**TENTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against VEYER, LLC and DOES 1 through 100)**

126. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 125, and each and every part thereof with the same force and effect as though fully set forth herein.

127. Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

128. Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

129. Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

130. Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

**ELEVENTH CAUSE OF ACTION**

**(Violation of California Business & Professions Code § 17200, et seq.)**

**(Against VEYER, LLC and DOES 1 through 100)**

131. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 130, and each and every part thereof with the same force and effect as though fully set forth herein.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS for JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

132. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

133. Defendants' activities, as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

134. A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law. In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1. Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202, and 204. Defendants also violated California Labor Code sections 226(a), 1174(d), 2800, and 2802.

135. As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

136. Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

137. Pursuant to California Business & Professions Code section 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences May 22, 2022, an award of attorneys'

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws, and an award of costs.

**TWELFTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 2698, et seq.)**

**(Against VEYER, LLC and DOES 1 through 100)**

138. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 137, and each and every part thereof with the same force and effect as though fully set forth herein.

139. PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

140. Whenever the LWDA or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

141. Plaintiff and the other hourly-paid or non-exempt employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and the alleged violations were committed against them.

**Failure to Pay Overtime**

142. Defendants' failure to pay legally required overtime wages to Plaintiff and the other aggrieved employees is in violation of the IWC Wage Orders and constitutes a violation of California Labor Code sections 510 and 1198.

**Failure to Provide Meal Periods**

143. Defendants' failure to provide legally required meal periods to Plaintiff and the other aggrieved employees is in violation of the IWC Wage Orders and constitutes a violation of California Labor Code sections 226.7 and 512(a).

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**Failure to Provide Rest Periods**

144. Defendants' failure to provide legally required rest periods to Plaintiff and the other aggrieved employees is in violation of the IWC Wage Orders and constitutes a violation of California Labor Code section 226.7.

**Failure to Pay Minimum Wages**

145. Defendants' failure to pay legally required minimum wages to Plaintiff and the other aggrieved employees is in violation of the IWC Wage Orders and constitutes a violation of California Labor Code sections 1194, 1197 and 1197.1.

**Failure to Timely Pay Wages Upon Termination**

146. Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes a violation of California Labor Code sections 201 and 202.

**Failure to Pay Sick Pay Leave**

147. Defendants' failure to provide all earned paid sick leave to Plaintiff and the other aggrieved employees in accordance with Labor Code sections 245 through 249.

**Failure to Timely Pay Wages During Employment**

148. Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes a violation of California Labor Code section 204.

**Failure to Provide Complete and Accurate Wage Statements**

149. Defendants' failure to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes a violation of California Labor Code section 226(a).

**Failure to Keep Complete and Accurate Payroll Records**

150. Defendants' failure to keep complete and accurate payroll records relating to Plaintiff and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes a violation of California Labor Code section 1174(d).

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**Failure to Reimburse Necessary Business-Related Expenses and Costs**

151. Defendants' failure to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes a violation of California Labor Code sections 2800 and 2802.

152. Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of all aggrieved employees, requests and is entitled to recover from Defendants and each of them business expenses, unpaid and/or untimely wages according to proof, interest, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all statutory penalties against Defendants and each of them, including but not limited to:

a. Penalties under California Labor Code section 2699(f) in the amount of one hundred dollars ($100) for each aggrieved employee per pay period or two hundred dollars ($200) for each aggrieved employee per pay period for each violation where there has been a prior finding or determination that Defendants' policies or practices were unlawful or where Defendants' conduct was malicious, fraudulent, or oppressive;

b. Penalties under California Code of Regulations Title 8 section 11010, et seq. in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

c. Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

d. Any and all additional penalties and sums as provided by the California Labor Code and/or other statutes.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

153. Pursuant to California Labor Code section 2699(m), civil penalties recovered by aggrieved employees shall be distributed as follows: sixty-five percent (65%) to the LWDA for the enforcement of labor laws and education of employers and employees about their rights and responsibilities and thirty-five percent (35%) to the aggrieved employees.

154. Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5, 2699, and any other applicable statute

**DEMAND FOR JURY TRIAL**

Plaintiff, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, requests a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, prays for relief and judgment against Defendants, jointly and severally, as follows:

**Class Certification**

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That counsel for Plaintiff be appointed as Class Counsel; and

4. That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail, and telephone numbers) of all class members.

**As to the First Cause of Action**

5. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9. For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

10. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12. For all actual, consequential, and incidental losses and damages, according to proof;

13. For premium wages pursuant to California Labor Code section 226.7(c);

14. For pre-judgment interest on any unpaid wages from the date such amounts were due;

15. For reasonable attorneys' fees and costs of suit incurred herein; and

16. For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

17. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

///

///

18. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For premium wages pursuant to California Labor Code section 226.7(c);

21. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22. For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

23. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24. For general unpaid wages and such general and special damages as may be appropriate;

25. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28. For liquidated damages pursuant to California Labor Code section 1194.2; and

29. For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

30. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 245 through 249 by failing to provide paid sick leave.

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

31. For all actual, consequential, and incidental losses and damages, according to proof;

32. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

33. For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action**

34. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

35. For all actual, consequential, and incidental losses and damages, according to proof;

36. For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

37. For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

38. For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

39. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff and the other class members;

40. For all actual, consequential, and incidental losses and damages, according to proof;

41. For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

42. For such other and further relief as the Court may deem just and proper.

///

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**As to the Eighth Cause of Action**

43. That the Court declare, adjudge, and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

44. For actual, consequential, and incidental losses and damages, according to proof;

45. For statutory penalties pursuant to California Labor Code section 226(e);

46. For injunctive relief to ensure compliance with this section pursuant to California Labor Code section 226(h); and

47. For such other and further relief as the Court may deem just and proper.

**As to the Ninth Cause of Action**

48. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiff and the other class members as required by California Labor Code section 1174(d);

49. For actual, consequential, and incidental losses and damages, according to proof;

50. For statutory penalties pursuant to California Labor Code section 1174.5; and

51. For such other and further relief as the Court may deem just and proper.

**As to the Tenth Cause of Action**

52. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

53. For actual, consequential, and incidental losses and damages, according to proof;

54. For the imposition of civil penalties and/or statutory penalties;

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

55. For reasonable attorneys' fees and costs of suit incurred herein; and

56. For such other and further relief as the Court may deem just and proper.

**As to the Eleventh Cause of Action**

57. That the Court declare, adjudge, and decree that Defendants violated California Business and Professions Code section 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to timely pay Plaintiff's and the other class members' wages, failing to provide Plaintiff and other class members with complete and accurate wage statements, failing to keep complete and accurate payroll records, and failing to reimburse Plaintiff and the other class members for necessary business-related expenses and costs.

58. For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

59. For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violating California Business and Professions Code section 17200, et seq.;

60. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

61. For injunctive relief to ensure compliance with this section pursuant to California Business and Professions Code section 17200, et seq.; and

62. For such other and further relief as the Court may deem just and proper.

**As to the Twelfth Cause of Action**

63. For civil penalties and wages pursuant to California Labor Code sections 2699(a), (f), (k), and 558, plus costs/expenses and attorneys' fees for violation of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 245-249, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800, and 2802; and

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

64. For such other and further relief as the Court may deem equitable and appropriate.

Dated: July 29, 2026

**LAWYERS *for* JUSTICE, PC**

By: ______________________________
Maria Halwadjian
*Attorneys for* Plaintiff

# Exhibit 4

MORGAN, LEWIS & BOCKIUS LLP
Jennifer B. Zargarof, SBN 204382
jennifer.zargarof@morganlewis.com
300 South Grand Ave, 22nd Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Samuel S. Sadeghi, SBN 311785
sam.sadeghi@morganlewis.com
Hailey A. Phelan, SBN 353990
hailey.phelan@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel: +1.714.830.0600
Fax: +1.714.830.0700

Attorneys for Defendant
ODP BUSINESS SOURCING, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| JESSE NORGROVE, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VEYER, LLC, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 26CV189872<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF JESSE NORGROVE'S UNVERIFIED FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: May 22, 2026<br>FAC Filed: July 29, 2026 |

Defendant ODP Business Sourcing, LLC (formerly Veyer, LLC) ("Defendant"), by and through its undersigned counsel, responds to the allegations contained in the unverified First Amended Complaint of Plaintiff Jesse Norgrove ("Plaintiff") as follows:

**GENERAL DENIAL**

Per California Code of Civil Procedure Section 431.30(d), Defendant generally denies each and every material allegation set forth in the Complaint. Defendant specifically denies that it is in any way liable to Plaintiff, or any other current or former employees sought to be represented, or that Plaintiff has been damaged in any sum or sums.

**DEFENSES**

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparations for trial. The defenses stated below are based on Defendant's knowledge, information, and belief at this time. Defendant specifically reserves the right to modify, amend, or supplement any defense at any time.

Defendant asserts the following defenses, without admitting any obligations regarding who bears the burden of proof or persuasion as to any one of them:

**FIRST DEFENSE**

**(Arbitration)**

1. The Complaint, and each claim alleged therein, are barred to the extent Plaintiff and other putative class members are contractually bound to arbitrate all claims against Defendant.

**SECOND DEFENSE**

**(Failure to State a Cause of Action)**

2. The Complaint, and each claim alleged therein, are barred to the extent Plaintiff fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

**THIRD DEFENSE**

**(Statutes of Limitations)**

2. The Complaint and each claim alleged are barred in whole or in part by all applicable statutes of limitation, including but not limited to California Code of Civil Procedure

Sections 338, 340, and 343; California Business and Professions Code Section 17208; California Labor Code Section 203; and California Labor Code Section 2699(c).

**FOURTH DEFENSE**

**(Failure to Comply with Pre-Filing Requirements)**

3. Plaintiff's representative action under PAGA is barred or limited in whole or in part to the extent he failed to satisfy all pre-filing requirements as set forth in Labor Code Section 2699.3, including, but not limited to, the requirement of providing timely and sufficient notice to the California Labor and Workforce Development Agency, or to Defendant, of the facts and theories of the alleged Labor Code violations and alleged aggrieved employees.

**FIFTH DEFENSE**

**(Waiver and Release)**

1. Plaintiff's claims are barred, in whole or in part, to the extent such claims have been waived, discharged, abandoned, and/or released, including by previous settlements and releases.

**SIXTH DEFENSE**

**(Lack of Standing)**

2. Plaintiff lacks standing to pursue penalties pursuant to PAGA, in whole or in part, to the extent Plaintiff did not personally suffer each of the violations alleged during the period prescribed under Section 340 of the Code of Civil Procedure.

**SEVENTH DEFENSE**

**(Reasonable Steps)**

3. If any civil penalties are awarded, which Defendant denies, they should be reduced pursuant to Labor Code § 2699, because prior to and/or after receiving Plaintiff's LWDA notice, Defendant took all reasonable steps to comply with the Labor Code provisions identified in the LWDA notice.

**EIGHTH DEFENSE**

**(Meal Periods Provided)**

4. Defendant provided Plaintiff and other allegedly aggrieved employees the opportunity to take full, uninterrupted, timely, and off-duty meal periods. To the extent Plaintiff and/or other allegedly aggrieved employees on occasion, at their election and not at Defendant's direction, did not take this opportunity and instead worked during all or a portion of their provided meal period, did not take a meal period by the end of the fifth hour, or took less than the full thirty-minute meal period Defendant provided to them, they did so voluntarily despite Defendant providing them with the opportunity to take full, uninterrupted, timely and off-duty meal breaks.

**NINTH DEFENSE**

**(Res Judicata/Collateral Estoppel)**

5. The claims of Plaintiff and/or any of the current and former employees as to whom he seeks penalties are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**TENTH DEFENSE**

**(Overpayment)**

3. To the extent Plaintiff and/or putative class members were paid compensation beyond that to which they were entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid wages or other monetary relief.

**ELEVENTH DEFENSE**

**(Regular Rate Exclusion)**

4. To the extent Defendant did not include remuneration in the calculation of the regular rate of pay, this exclusion was proper and lawful.

**TWELFTH DEFENSE**

**(Good Faith Reliance)**

8. The claims of Plaintiff and/or putative class members, or some of them, are barred to the extent Defendant acted in good faith reliance on an administrative regulation, order, ruling

and/or interpretation of the Industrial Welfare Commission, the Division of Labor Standards Enforcement, and/or other governmental agency.

**THIRTEENTH DEFENSE**

**(Good Faith Dispute)**

8. Plaintiff's claims for civil penalties for alleged violation of the Labor Code are precluded because there is a good faith dispute that any wages are due to Plaintiff and/or others as to whom Plaintiff seeks penalties.

**FOURTEENTH DEFENSE**

**(Action Unconstitutional)**

9. The Complaint, including the allegations on behalf of allegedly aggrieved employees set forth therein, is barred because the use of a representative action under PAGA, based upon the facts and circumstances of this case, would constitute a denial of Defendant's rights to due process and equal protection of the law under the United States and California Constitutions. Furthermore, although Defendant denies that it has committed or has responsibility for any act that could support the recovery of any penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendant is unconstitutional under the excessive fines clause of the Eighth Amendment of the United States Constitution and the excessive fines clause of Section 17 of Article 1 of the California Constitution.

**FIFTEENTH DEFENSE**

**(No Violation of Underlying State Law)**

9. Defendant is not liable for a violation of PAGA because it is not liable to Plaintiff and/or the allegedly aggrieved employees for any alleged violation of any underlying state laws.

**SIXTEENTH DEFENSE**

**(No Waiting Time Penalties)**

10. The Complaint fails to state a claim for waiting time penalties under Labor Code Section 203 to the extent that no such penalties can continue after the commencement of an action for the penalties.

**SEVENTEENTH DEFENSE**

**(Not Willful)**

11. Plaintiff, and putative class members, are barred from recovering penalties pursuant to Labor Code Section 203, because: (a) Plaintiff has failed to plead facts sufficient to support allegations of willfulness; and (b) neither Defendant nor any agent or employee of Defendant acted willfully in failing to pay wages allegedly due to Plaintiff or putative class members.

**EIGHTEENTH DEFENSE**

**(Avoidable Consequences)**

12. The Complaint and each claim alleged are barred, or recovery reduced, because: (a) Defendant took reasonable steps to prevent and correct the conduct alleged in the Complaint; (b) Plaintiff and/or putative class members, or some of them, unreasonably failed to use the preventive and corrective measures that Defendant provided; and (c) reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiff and/or putative class members, or some of them, allegedly suffered.

**NINETEENTH DEFENSE**

**(Unclean Hands)**

13. The Complaint and each claim alleged are barred in whole or in part by the doctrine of unclean hands.

**TWENTIETH DEFENSE**

**(Estoppel)**

15. The Complaint and each claim alleged are barred in whole or in part by the doctrine of estoppel.

**TWENTY-FIRST DEFENSE**

**(Consent)**

16. The Complaint and each claim alleged are barred to the extent Plaintiff and/or putative class members, or some of them, consented to any alleged activity or conduct.

**TWENTY-SECOND DEFENSE**

**(Laches)**

17. The Complaint and each claim alleged are barred in whole or in part by the doctrine of laches.

**TWENTY-THIRD DEFENSE**

**(*De Minimis*)**

18. The Complaint and each claim alleged are barred in whole or in part by the *de minimis* doctrine.

**TWENTY-FOURTH DEFENSE**

**(Adequate Remedy at Law)**

19. The claims of Plaintiff and/or putative class members, or some of them, for injunctive or other equitable relief are barred because they have an adequate and complete remedy at law.

**TWENTY-FIFTH DEFENSE**

**(Setoff and Recoupment)**

20. If any damages have been sustained by Plaintiff and/or putative class members, or some of them, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiff and/or putative class members, or some of them, owed to Defendant against any judgment that may be entered against Defendant.

**TWENTY-SIXTH DEFENSE**

**(Due Process)**

21. The Complaint, including the allegations on behalf of others set forth therein, is barred because the use of a class action, based upon the facts and circumstances of this case, would constitute a denial of Defendant's rights to due process under the United States and California Constitutions. Furthemore, the prosecution against Defendant of an action in these circumstances under Business and Professions Code Section 17200 would constitute a denial of their due process rights in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

**TWENTY-SEVENTH DEFENSE**

**(No "Knowing and Intentional" Violations and No Injury)**

23. Neither Plaintiff nor any putative class members are entitled to penalties under California Labor Code § 226 because Defendant's behavior was not "knowing and intentional" and/or because no injury was suffered.

**TWENTY-EIGHTH DEFENSE**

**(Unjust, Arbitrary and Oppressive, or Confiscatory Penalties)**

24. Plaintiff, and the putative members of each purported class defined in the Complaint, are not entitled to recover any civil penalties and/or fines pursuant to Plaintiff's causes of action, because, under the circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory.

**TWENTY-NINTH DEFENSE**

**(Proper Calculations and Documentation)**

26. Plaintiff's claims, and the claims of each putative class member of each purported class as set forth in the Complaint, or some of them, are barred in whole or in part because at all relevant times at issue, Defendant properly tracked the hours worked by non-exempt employees, compensated them for hours worked at the appropriate rates pursuant to California law, and documented such compensation in legally sufficient wage statements.

**RESERVATION OF RIGHTS**

Defendant reserves the right to assert additional defenses as discovery proceeds and they become aware of additional facts and circumstances that provide the basis for additional defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of his Complaint;

2. That the Complaint be dismissed in its entirety with prejudice, and that judgment be entered in favor of Defendant and against Plaintiff on all claims contained in the Complaint;

3. That Defendant be awarded reasonable costs and attorneys' fees incurred by this action pursuant to Labor Code section 218.5 and any other applicable laws; and

4. For such other and further relief as the Court deems just and proper.

Dated: August 20, 2026

MORGAN, LEWIS & BOCKIUS LLP

By ______________________

Jennifer B. Zargarof
Samuel S. Sadeghi
Hailey A. Phelan
Attorneys for Defendant
ODP BUSINESS SOURCING, LLC

# PROOF OF SERVICE

*Jesse Norgrove v. Veyer, LLC.*
Alameda Superior Court, Case No. 26CV189872

I am a resident of the State of California, employed in the County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 600 Anton Blvd., Suite 1800, Costa Mesa, CA 92626.

On August 20, 2026, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANT'S ANSWER TO PLAINTIFF JESSE NORGROVE'S UNVERIFIED FIRST AMENDED COMPLAINT**

☒ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Costa Mesa, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY EMAIL:** the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on August 20, 2026. The transmission was reported as complete and without error. My electronic notification address is 600 Anton Blvd., Suite 1800, Costa Mesa, CA 92626. My e-mail address is monique.wongwatana-anan@morganlewis.com.

| | |
|---|---|
| Tara Zabehi<br>Connie Lee<br>Maria Halwadjian<br>LAWYERS FOR JUSTICE, PC<br>450 North Brand Blvd., Suite 900<br>Glendale, CA 91203<br>Tel: 818.265.1020<br>Fax: 818.295.1021 | *Attorneys for Plaintiff*<br>*JESSE NORGROVE* |

[ X ] **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ ] **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on August 20, 2026, at Costa Mesa, California.

Monique Wongwatana-Anan